IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 4:22-CR-3051 |
| vs. | ORDER |
| DETRICK ANTHONY MICHAEL SMITH, | |
| Defendant. | |

This matter is before the Court on correspondence from the defendant that has been filed as a motion for copies (filing 85). The Court will deny the defendant's motion.

The defendant does not have the right to receive copies of documents without payment, even if he is indigent. *See* 28 U.S.C. § 1915; *Lewis v. Precision Optics, Inc.*, 612 F.2d 1074, 1075 (8th Cir. 1980). And the only stated basis for the defendant's request is that he intends to seek postconviction relief based on the U.S. Supreme Court's opinion in *Garland v. Cargill*, 602 U.S. 406 (2024). But that decision supports no colorable claim for postconviction relief in this case.[1]

---

[1] In *Cargill*, the Court held that the Bureau of Alcohol, Tobacco, Firearms and Explosives had exceeded its statutory authority in promulgating a rule classifying a so-called "bump stock" as a "machinegun" within the meaning of the National Firearms Act of 1934, 26 U.S.C. § 5845(b). 602 U.S. at 423. The defendant in this case was convicted of, among other things, possession of a machinegun in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(B)(ii). Filing 76.

But the "machinegun" the defendant possessed here was a Glock model 20 modified with an aftermarket "switch" that enabled the gun to fire fully automatic. *See* filing 63 at 2.

In addition, the defendant requests a transcript of sentencing, but no such transcript was prepared. An indigent defendant bringing a postconviction proceeding under 28 U.S.C. § 2255 may have a transcript prepared at the government's expense, if the suit is not frivolous *and* the transcript is needed to decide the issue presented. 28 U.S.C. § 753. But any request for a free transcript prior to the filing of a § 2255 motion is premature. *Chapman v. United States*, 55 F.3d 390, 390-91 (8th Cir. 1995). And the defendant has not filed such a motion.

The defendant may, if he files a § 2255 motion, move for a sentencing transcript to be prepared pursuant to § 753, and the Court will at that time consider whether or not his motion is frivolous and whether the transcript is necessary. Alternatively, the defendant can pay for a transcript to be prepared. The Court will direct the Clerk's Office to provide the defendant with a copy of a request for transcript form, which the defendant may complete and return. The defendant's sentencing hearing was recorded by a court reporter, so if the defendant returns the request for transcript form, the court reporter will contact the defendant to arrange for payment of the fee.

The defendant may also pay the Clerk of the Court for copies of other documents at the established rate of 50¢ per page. The other documents he has requested—the transcript of the change of plea hearing and his plea agreement—total 31 pages for a cost of $15.50, which must be prepaid when requested. Accordingly,

---

Such a switch falls outside the reasoning of *Cargill*, that a semiautomatic weapon with a "bump stock" cannot be a "machinegun" because "[f]iring multiple shots using a semiautomatic rifle with a bump stock requires more than a single function of the trigger." *Id*. at 424; *see United States v. Johnson*, No. 2:24-cr-20429, 2024 WL 4729467, at *8 (E.D. Mich. Nov. 8, 2024).

IT IS ORDERED:

1. The defendant's motion for copies (filing 85) is denied.

2. The Clerk of the Court is directed to provide the defendant with a copy of this order and a request for transcript form.

Dated this 22nd day of November, 2024.

BY THE COURT:

John M. Gerrard
Senior United States District Judge